**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------- x
KYONG HO AHN,
*on behalf of herself and others similarly situated,*

                                   Plaintiff,          Case No. 20-cv-09198 (KMK)

                    v.                                 **MEMORANDUM OF LAW IN**
                                                       **OPPOSITION TO**
MB RYE METRO NAIL, INC.                                 **DEFENDANTS' MOTION TO**
     d/b/a Rye Metro Nails,                             **COMPEL BILATERAL**
SUN YOUNG KIM                                           **ARBITRATION**
     a/k/a Cindy Kim,

                                   Defendants.
--------------------------------------------------------------- x

Plaintiff respectfully submits this memorandum of law in opposition to Defendants' motion

to compel bilateral arbitration.

**I.      Whether Plaintiff Should Be Compelled to Arbitrate on an Individual Basis Is
Not a Question of Arbitrability In This Circuit**

The Second Circuit has not ruled one way or the other that the arbitrability of class claims

is a question of arbitrability presumably for the court to decide. *Wells Fargo Advisors, LLC v.*

*Sappington* did not resolve the issue in this Circuit; the Second Circuit simply declined to reach

the issue. It reasoned that because "the parties overcame [the] presumption ["that the question

whether an arbitration clause authorizes class arbitration is a so-called 'question of arbitrability

presumptively for a court, rather than an arbitrator to decide"]," it did not have to decide the

question of whether that presumption actually held in this Circuit. *See Wells Fargo Advisors, LLC*

*v. Sappington*, 884 F.3d 392, 394 (2d Cir. 2018). Judge Engelmeyer, construing *Sappington*,

opined that it "affirmed" Judge Caproni's holding "that the arbitrator must decide the question of

whether the Agreement provides for class arbitration." *Wells Fargo Advisors LLC v. Tucker*, 373

F. Supp. 3d 418, 422 n.3 (S.D.N.Y. 2019).

**II.     The Parties' Agreement to Submit the Question of Class Arbitrability to the
Arbitrator Is Clear and Unmistakable**

The agreement provides that "any dispute or claim that arises out of or that relates to [the employee's] employment agreement… shall be resolved by arbitration." This language is identical to language that the *Sappington* court found "clear and unmistakable" evidence of "intent to arbitrate all questions of arbitrability, including questions of class arbitration." *See Sappington*, 884 F.3d at 396 (2d Cir. 2018) ("[T]he Tucker clause provides that '<u>any</u>' controversy or dispute' arising from the employment relationship is subject to arbitration.") (emphasis added by the Court); *see also PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1199 (2d Cir. 1996) (a provision that "Any and all controversies… concerning… construction… of this or any other agreement… shall be determined by arbitration" "evidence[d] the parties' intent to arbitrate all issues, including arbitrability"); *NS United Kaun Kaisha, Ltd. v. Cogent Fibre Inc.*, No. 15-cv-01784 (PAE), 2015 WL 4393060, at *8 (S.D.N.Y. July 14, 2015) (agreement to arbitrate "any dispute" included delegation to the arbitrator of the authority to award attorney fees even when the agreement did not explicitly address the arbitrator's authority to award attorney fees); *Bechtel do Brasil Construcoes Ltda. V. UEG Araucaria Ltda.*, 638 F.3d 150, 154–57 (2d Cir. 2011).

Defendants correctly acknowledge that in the Second Circuit, an agreement's "incorporation of the AAA Rules evinces agreement to have the arbitrator decide the question of class arbitrability." *Jock v. Sterling Jewelers Inc.*, 942 F.3d 617, 623–24 (2d Cir. 2019) (citing *Sappington*, 884 F.3d at 396); *see also Pacelli v. Augustus Intelligence, Inc.*, 459 F. Supp. 3d 597, 608 (S.D.N.Y. 2020) ("When parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator.") (collecting cases); AAA Empl. Arb. R. and Med. P. 6(a) (*available at* https://www.adr.org/sites/default/files/EmploymentRules_Web_2.pdf) ("The arbitrator shall have the power to rule on his or her own jurisdiction, including any

objections with respect to the existence, scope, or validity of the arbitration agreement."). "When parties to an agreement explicitly incorporate rules that empower an arbitrator to decide an issue, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to the arbitrator." *Id.* at 624 (internal quotation marks omitted). This is not, however, limited to sophisticated parties, but embraces low-level workers including "retail sales employees." *Id.* at 620.

The parties' incorporation of the AAA rules is unmistakable. It was certainly unmistakable to Defendants last December, when they argued that "[t]he parties agreed in the Employee Arbitration Agreement to resolve any employment-related claim [Plaintiff] might bring… by binding arbitration before the AAA." Dkt. No. 12, at *3.

The agreement provides that "any dispute or claim that arises out of or that relates to [the employee's] employment agreement… shall be resolved by arbitration in accordance with the then effective arbitration rules of the American Arbitration Association or other Arbitration Service within 10 miles from ----------------------whichever organization is selected by the party who first initiates arbitration by filing a claim in accordance with the filing rules of the organization selected." Dkt. No. 19-3. The term "other Arbitration Service within 10 miles from ---------------------------whichever organization is selected by the party who first initiates arbitration by filing a claim in accordance with the filing rules of the organization selected" is meaningless, because the location ten miles away from which the alternative arbitration service is supposed to be located is not named, leaving the AAA the only arbitral forum to which the parties agreed.

The parties' desire to both consent to the AAA can be inferred from their course of conduct in this case. Defendants sought to compel arbitration "before a AAA arbitrator as a matter of law," a course of action with which Plaintiff agreed. Dkt. No. 12, at *1; *see also id.* at *4 ("We request,

again, that [Plaintiff's counsel's] office avoid the need for expensive and wasteful motion practice—both for our clients and for the Court—and consent to a stay of this action and agree to submit her… claims to binding arbitration before the AAA"), Dkt. No. 13, at *1 ("In this writing, Plaintiff has consented to a referral to arbitration by the AAA."). Defendants reversed course solely to protect themselves from the consequences of the AAA Rules that they bargained for, and to which Plaintiff consented.

### III.    The Parties Agreed to Class Arbitration

"Class arbitration is a matter of consent: [a]n arbitrator may employ class procedures only if the parties have authorized them." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 565 (2013) (citing *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010). In choosing, for the reasons stated above, in both their agreement and their course of conduct in this case the AAA as their arbitral forum and in adopting its rules, the parties have agreed to class arbitration. *See* AAA Supp. R. for Class Arbs. 1(a) ("These Supplementary Rules for Class Arbitrations [] shall apply to any dispute arising out of an agreement that provides for arbitration pursuant to any of the rules of the American Arbitration Association [] where a party submits a dispute to arbitration on behalf of or against a class or purported class, and shall supplement any other applicable AAA rules. These Supplementary Rules shall also apply whenever a court refers a matter pleaded as a class action to the AAA for administration, or when a party to a pending AAA arbitration asserts new claims on behalf of or against a class or purported class.").

For all the reasons stated above, Defendants' motion should be denied in its entirety.

Dated: Flushing, NY
         February 22, 2021

                          Respectfully submitted,
                          TROY LAW, PLLC

/s/ Aaron B. Schweitzer
Aaron B. Schweitzer
*Attorney for Plaintiffs*