# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

September 19, 2022

**Via ECF**
Hon. Kenneth M. Karas, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    Re:    **Pre-Motion Conference for Plaintiff's Anticipated Motion for Confirmation of Arbitral Award**
           *Ahn v. MB Rye Metro Nail, Inc.*, **No. 20-cv-09198 (KMK), (S.D.N.Y.)**

Your Honor,

This office represents the Plaintiff in the above-referenced matter. In accordance with your Honor's Individual Rules at II.A, we write respectfully to request that the arbitral award issued by the American Arbitration Association ("AAA") be confirmed pursuant to Section 9 of the Federal Arbitration Act ("FAA").

### Background and Procedural History

On July 26, 2021, Plaintiff's Motion to Compel Individual Arbitration was denied without prejudice. *See* Docket Entry No. 27. An evidentiary hearing was held in the arbitration on May 2, 2022, before the at the American Arbitration Association midtown office, the Honorable Andrew J. Peck, Arbitrator. On July 11, 2022, Arbitrator Peck, Arbitrator issued a final award of damages and attorneys' fees to Ahn, to be paid by respondents jointly and severally. *See* Exhibit 1 (final award). Arbitrator Peck incorporated detailed findings of fact and conclusions of law explaining his reasoning into the final award.

To date, the final award amount has not been paid. Instead, in or around June 2022, between about 7:00 and 8:00 PM, Defendant Kim approached Plaintiff Ahn while Plaintiff Ahn was waiting in line at the cashier of the H-Mart supermarket located at 156:40 Northern Boulevard, Queens, NY 11354, and told Plaintiff Ahn that "I will not leave you alone." Then, on or about September 6, 2022, at about 8:10, Defendant Kim followed Plaintiff Kim in the van that was driving her to her current employer, approached the driver while the van was stopped the driver at a red light, gave the driver her phone number, and told the driver "there is something important I need to tell you," and said "you must call me" twice before driving away. We emailed and called Defendants' attorney Justin Perri about these incident on September 8 and 14, but did not receive any response by email or a call back. Plaintiff is considering whether to pursue claims against Defendant Kim for retaliation and harassment.

### Argument: Judicial Confirmation of The Award Is Warranted

Hon. Kenneth M. Karas, U.S.D.J.
September 19, 2022
*Ahn v. MB Rye Metro Nail, Inc.*, No. 20-cv-09198 (KMK), (S.D.N.Y.)
Page 2 of 3

Under Section 9 of the FAA, judicial enforcement of an arbitral award is a "summary proceeding that merely makes what is a final arbitration award a judgment of the court." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (citations omitted); *see also* 9 U.S.C. § 9. The Second Circuit "has repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration in obeisance to that process." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007) (citation omitted). Therefore, a request made to a federal court for enforcement of an arbitral award "under the FAA is not an occasion for *de novo* review of [the] arbitral award," *Scandinavian Reinsurance Co. v. St. Paul Marine & Fire Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012), "nor an occasion for the court to conduct a 'reassessment of the evidentiary record.'" *Nat'l Indem. Co. v. IRB Brasil Resseguros S.A.*, 164 F. Supp. 3d 457, 474 (S.D.N.Y. 2016) (quoting *Wallace v. Buttar*, 378 F.3d 182, 193 (2d Cir. 2004)).

The "goals of the FAA [are] achieved only to the extent that courts ensure arbitration is an alternative to litigation, not an additional layer in a protracted contest." *Superior Site Work, Inc. v. Triton Structural Concrete, Inc.*, No. 12-cv-04335 (SJF) (WDW), 2013 U.S. Dist. LEXIS 104300, at *20 (E.D.N.Y. July 24, 2013). The FAA creates a "'strong presumption in favor of enforcing arbitration awards'" and courts have an "extremely limited" role in reviewing such awards. *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019) (quoting *Wall St. Assocs., L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 849 (2d Cir. 1994)). "In other words, 'an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'" *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B-32J Service Employees' Int'l. Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

"The burden of proof necessary to avoid confirmation of an arbitral award is very high, and a district court will enforce the award as long as there is a barely colorable justification for the outcome reached." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103–04 (2d Cir. 2013) (internal citations and quotation marks omitted). Proof that vacatur of an arbitration award is warranted must be shown by the party seeking vacatur, who "must clear a high hurdle." *Scandinavian*, 668 F.3d at 72 (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010)). "[T]he award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Gottdiener*, 462 F.3d at 110.

Subject to the foregoing limitations, Section 10(a) of the FAA provides four circumstances under which an arbitral award may be vacated: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the

Hon. Kenneth M. Karas, U.S.D.J.
September 19, 2022
*Ahn v. MB Rye Metro Nail, Inc.*, No. 20-cv-09198 (KMK), (S.D.N.Y.)
Page 3 of 3

controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. 10(a). In addition to these statutory grounds for vacatur, Second Circuit precedent provides district courts a very limited power to vacate an arbitral award where it is found that the arbitrator has acted in "manifest disregard of the law." *T.Co Metal, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339–40 (2d Cir. 2010).

Section 11 of the FAA permits modification, but not vacatur, of an arbitration award in three limited situations: "(1) where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award; (2) where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted; or (3) where the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11.

Here, there is no indication whatsoever of any circumstance that could warrant judicial rejection or modification of Arbitrator Cheng's Award, especially given the high threshold for vacatur. Accordingly, Plaintiff respectfully submits that confirmation of the Award is warranted.

Finally, Section 12 of the FAA requires a party seeking to vacate, modify, or correct an arbitration award to serve the adverse party or its attorney notice of its intent within three months after the award is filed or delivered. *See* 9 U.S.C. § 12. Defendants have served no such notice.

Accordingly, no grounds exist to vacate or modify the Award, and absent such grounds, Claimant respectfully submits that the Court must expeditiously confirm the Award.

We thank the Court for its attention to and consideration of this matter.

Respectfully submitted,
TROY LAW, PLLC

 */s/ Aaron B. Schweitzer*
Aaron B. Schweitzer
*Attorney for Plaintiffs*

cc: via ECF
     all counsel of record