**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
KYONG HO AHN,                                           Case No. 20-cv-09198 (KMK)
*on behalf of herself and others similarly situated,*
                                         Plaintiff,


                        v.


MB RYE METRO NAIL, INC.
           d/b/a Rye Metro Nail
SUN YOUNG KIM
           a/k/a Cindy Kim
                                 Defendants.
------------------------------------------------------------------x


**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO
CONFIRM THE ARBITRATOR'S AWARD, AND IN OPPOSITION TO DEFENDANTS'
<u>CROSS-MOTION TO MODIFY THE AWARD</u>**


Aaron B. Schweitzer, Esq.
John Troy, Esq.
TROY LAW, PLLC
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com
*Attorneys for Plaintiff*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT ................................................................................................................... 1

   I.    SECTION 11 OF THE FAA DOES NOT PERMIT THE SUBSTANTIVE
      REWRITING OF THE AWARD REQUESTED BY DEFENDANTS ................................. 1

   II.    THE ARBITRATOR PROPERLY CONSIDERED WAGE NOTICE AND WAGE
      STATEMENT CLAIMS ........................................................................................ 3

   III.   PLAINTIFF'S FEE AWARD SHOULD NOT BE REDUCED ................................ 5

CONCLUSION ................................................................................................................ 7

## **TABLE OF AUTHORITIES**

**Cases**

*Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509 (S.D.N.Y. 2011)...........................................6

*Andrade v. 168 First Ave Rest. Ltd.*, No. 14-cv-08268, 2016 U.S. Dist. LEXIS 72678, 2016 WL 3141567 (S.D.N.Y. June 3, 2016), *report and recommendation adopted by*, 2016 U.S. Dist. LEXIS 95156, 2016 WL 398101 (S.D.N.Y. July 19, 2016).......................................................6

*Aponte v. 5th Ave. Kings Fruit & Vegetables Corp.*, No. 20-cv-05625 (RLM), 2022 WL 17718551, 2022 U.S. Dist. LEXIS 226296 (E.D.N.Y. Dec. 15, 2022).......................................7

*Baird v. Boies, Schiller & Flexner LLP*, 219 F. Supp. 2d 510 (S.D.N.Y. 2002) ............................6

*Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132 (2d Cir. 2008) ...................................5

*Cabrera v. Schafer*, No. 12-cv-06323 (ADS) (AKT), 2017 U.S. Dist. LEXIS 24606 (E.D.N.Y. Feb. 17, 2017).........................................................................................................................5, 6, 7

*Caul v. Petco Animal Supplies, Inc.*, No. 20-cv-03534, 2021 U.S. Dist. LEXIS 184652, 2021 WL 4407856 (E.D.N.Y. Sep. 27, 2021)..............................................................................................4

*Companhia de Navegacao Maritima Netumar v. Armada Parcel Serv., Ltd.*, No. 96-cv-06441 (PKL), 2000 U.S. Dist. LEXIS 558, 2000 WL 60200 (S.D.N.Y. Jan. 25, 2000) .......................2

*Diaz v. AJE Mgmt. Corp.*, No. 15-cv-01602 (AT) (JCF), 2017 U.S. Dist. LEXIS 4324, 2017 WL 746439 (S.D.N.Y. Jan. 10, 2017) .............................................................................................6

*Eisemann v. Greene*, 204 F.3d 393 (2d Cir. 2000) .........................................................................7

*Fisher v. SD Prot. Inc.*, 948 F.3d 593 (2d Cir. 2020) .....................................................................7

*Georgiou v. Harmon Stores, Inc.*, No. 22-cv-02861 (BMC), 2023 WL 112805, 2022 U.S. Dist. LEXIS 234643 (E.D.N.Y. Dec. 29, 2022)....................................................................................4

*Grochowski v. Ajet Constr. Corp.*, 97-cv-06269, 2002 U.S. Dist. LEXIS 5031, 2002 WL 465272 (S.D.N.Y. Mar. 27, 2002) ............................................................................................................6

*Imbarrato v. Banta Mgmt. Servs.*, No. 18-cv-05422, 2020 U.S. Dist. LEXIS 49740, 2020 WL 1330744 (S.D.N.Y. Mar. 20, 2020) ...........................................................................................4

*Int'l. Chem. Workers Local 227 v. BASF Wyandotte Corp.,* 774 F.2d 43 (2d Cir. 1985)..................7

*Levy v. Endeavor Air Inc.*, No. 21-cv-04387, 2022 U.S. Dist. LEXIS 201798, 2022 WL 166455829 (E.D.N.Y. Nov. 1, 2022)............................................................................................4

*Mateer v. Peloton Interactive, Inc.*, No. 22-cv-00740 (LGS), 2022 WL 2751871, 2022 U.S. Dist. LEXIS 125017 (S.D.N.Y. July 14, 2022)......................................................................................4

*Matter of Andros Compania Maritima, S.A.*, 579 F.2d 691 (2d Cir. 1978)....................................... 2

*Metcalf v. Transperfect Translations Int'l, Inc.*, No. 19-cv-10104 (ER) (KHP), 2022 U.S. Dist. LEXIS 207511 (S.D.N.Y. Nov. 15, 2022) ...................................................................... 4

*Morales v. MW Bronx*, No. 15-cv-06296 (TPG), 2017 WL 4444663, 2017 U.S. Dist. LEXIS 165555 (S.D.N.Y. Oct. 5, 2017) ................................................................................ 6, 7

*Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418 (S.D.N.Y. 2019)........................................................... 4

*Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133 (2d Cir. 2007)...................... 2

*Rosario v. Icon Burger Acquisition LLC*, No. 21-cv-04313, 2022 U.S. Dist. LEXIS 11454, 2022 WL 198503 (E.D.N.Y. Jan. 21, 2022) .................................................................. 4

*Scandinavian Reins. Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60 (2d Cir. 2012) ......... 2

*Stephens v. U.S. Airways Grp., Inc.*, 644 F.3d 437 (D.C. Cir. 2011) (Kavanaugh, J., concurring). 4

*Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 559 U.S. 662 (2010) ............................................ 2

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) .................................................................. 3

*Webb v. Citigroup Global Mkts, Inc.*, No. 19-cv-00535 (PAE), 2019 WL 4081893, 2019 U.S. Dist. LEXIS 147500 (S.D.N.Y. Aug. 29, 2019) ...................................................... 2, 3

*Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9 (2d Cir. 1997). 2, 3

*Yong v. Cooper Cameron Corp.*, 586 F.3d 201 (2d Cir. 2009)....................................................... 5

*Zhang v. Red Mountain Noodle House Inc.*, No. 15-cv-00628, 2016 U.S. Dist. LEXIS 87650, 2016 WL 4124304 (E.D.N.Y. June 5, 2016), *report and recommendation adopted by* 2016 U.S. Dist. LEXIS 101117, 2016 WL 4099090 (E.D.N.Y. Aug. 2, 2016) ............................................. 5

## Statutes

9 U.S.C. § 10(a)(1)......................................................................................................................... 3

9 U.S.C. § 10(a)(2)......................................................................................................................... 3

9 U.S.C. § 10(a)(3)......................................................................................................................... 3

9 U.S.C. § 10(a)(4)......................................................................................................................... 3

9 U.S.C. § 11 .................................................................................................................................. 1

N.Y. Lab. L. § 198.......................................................................................................................... 5

N.Y. Lab. L. § 198.1-a ................................................................................................................... 5

N.Y. Lab. L. § 663.1...................................................................................................................... 5

Plaintiff, by and through counsel, respectfully submits the following reply memorandum of law in support of her motion to confirm the arbitrator's award, and in opposition to Defendants' cross-motion to modify the award. Defendants request not a Section 11 modification of the award to correct a scrivener's, clerical, mathematical, or other error, as they aver, but a substantive partial vacatur of the award under Section 10 of the FAA. However, they have failed to even gesture toward any circumstance that would warrant vacatur, partial or otherwise. Defendants likewise fail to meet the high bar of showing that there was not even a colorable basis for the arbitrator's award, only arguing (unsuccessfully) that the arbitrator made an error of law regarding the Plaintiff's standing to bring claims to redress failure to provide wage notices and wage statements. And even if Defendants were right on this point, which they are not, vacatur of that portion of the award awarding damages for failure to provide wage notices and wage statements would not warrant a reduction of Plaintiff's award of attorney fees from the lodestar found by the arbitrator, as Plaintiff is indisputably a prevailing party on her overtime claims and wage-and-hour fee awards need not be proportional to employees' recoveries.

## ARGUMENT

### I.   SECTION 11 OF THE FAA DOES NOT PERMIT THE SUBSTANTIVE REWRITING OF THE AWARD REQUESTED BY DEFENDANTS

Section 11 of the Federal Arbitration Act allows a district court to modify or correct an award only "(a) [w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award[;] (b) [w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted[;] and] (c) [w]here the award is imperfect in a matter of form not affecting the merits of the controversy," and only "so as to effect the intent [of the award] and promote justice between the parties." 9 U.S.C. § 11. In other words,

1

"[Section] 11 does allow for modification 'to correct typographical, clerical, and other obvious errors,'" but "a modification cannot be made for 'substantive disputes that lay at the heart of the arbitration.'" *Webb v. Citigroup Global Mkts, Inc.*, No. 19-cv-00535 (PAE), 2019 WL 4081893, 2019 U.S. Dist. LEXIS 147500, at \*14 (S.D.N.Y. Aug. 29, 2019) (quoting *Companhia de Navegacao Maritima Netumar v. Armada Parcel Serv., Ltd.*, No. 96-cv-06441 (PKL), 2000 U.S. Dist. LEXIS 558, 2000 WL 60200, at \*7 (S.D.N.Y. Jan. 25, 2000)).

Despite raising Section 11 as a smokescreen, Defendants are not actually asking for modification under Section 11, but for partial vacatur under Section 10, on substantive grounds. However, "Judicial review of arbitral awards is 'severely limited, so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.'" *Webb*, 2019 U.S. Dist. LEXIS 147500, at \*12 (quoting *Scandinavian Reins. Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71–72 (2d Cir. 2012)). "A reviewing court owes 'strong deference' to 'arbitral awards and the arbitral process,' and a party seeking to vacate an arbitral award 'must clear a high hurdle.'" *Id.* (quoting *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007); *Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 559 U.S. 662, 671 (2010)). "'It is not enough for petitioners to show that the panel committed an error—or even a serious error.' Rather, under the FAA, '[i]f there is "even a barely colorable justification for the outcome reached," the court must confirm the arbitration award.'" *Id.*, at \*12–13 (quoting *Stolt-Nielsen S.A.*, 559 U.S. at 671; *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 13 (2d Cir. 1997) (itself quoting *Matter of Andros Compania Maritima, S.A.*, 579 F.2d 691, 704 (2d Cir. 1978))). "Courts have authority to vacate arbitral awards only in narrow, enumerated circumstances, such as 'where there was evident partiality… in the arbitrators,' 'where the arbitrators where guilty of misconduct in refusing to postpone the hearing,

upon sufficient cause shown,' or 'where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definitive award upon the subject matter was not made.'" *Id.* (quoting 9 U.S.C. §§ 10(a)(2)–(4)); *see also* 9 U.S.C. § 10(a)(1) (vacatur permissible "where the award was procured by corruption, fraud, or undue means."))

However, Defendants have not even alleged corruption, fraud, partiality, refusal to postpone the hearing, refusal to hear evidence, prejudicial misbehavior, or exceeding of power by the arbitrator, never mind meeting the high bar of proving any of these enumerated wrongs that are the only avenues of vacatur. For this reason alone, Defendants' motion to modify the award should be denied.

## II.    THE ARBITRATOR PROPERLY CONSIDERED WAGE NOTICE AND WAGE STATEMENT CLAIMS

Rather, the Defendants argue that the arbitrator, in a word, "committed a serious error" by awarding wage notice and wage statements damages. However, again "'[i]f there is even a barely colorable justification for the outcome reached, the court must confirm the arbitration award.'" *Webb*, 2019 U.S. Dist. LEXIS 147500, at *12–13. (quoting *Willemijn Houdstermaatschappij, BV*, 103 F.3d at 13.

Here, the arbitrator's justification is not merely colorable, but compelling. In the first place, Plaintiff linked an "actual and concrete injury" to Defendants' failure to furnish wage notices and wage statements, conferring Article III standing. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). Specifically, Defendants' failure to furnish wage notices resulted in there being no agreement as to whether Plaintiff's salary would include an overtime premium, and consequent deprivation of Plaintiff's overtime premium for 2.5 hours per week throughout her employment— a harm that was recognized and redressed by the award. *See* Dkt. No. 42-1, at *3. And Defendants' failure to furnish wage statements likewise resulted in Plaintiff being underpaid. Courts have

recognized that late or non-payment of wages owed constitutes a concrete injury. *See*, *e.g.*, *Metcalf v. Transperfect Translations Int'l, Inc.*, No. 19-cv-10104 (ER) (KHP), 2022 U.S. Dist. LEXIS 207511, at *11–12 (S.D.N.Y. Nov. 15, 2022) (where "inaccurate wage notices and wage statements resulted in [plaintiffs] being under paid for nearly nine months," plaintiffs could show "monetary harm[,] a concrete injury sufficient to show standing."); *Mateer v. Peloton Interactive, Inc.*, No. 22-cv-00740 (LGS), 2022 WL 2751871, 2022 U.S. Dist. LEXIS 125017, at *4 (S.D.N.Y. July 14, 2022) (both citing *Imbarrato v. Banta Mgmt. Servs.*, No. 18-cv-05422, 2020 U.S. Dist. LEXIS 49740, 2020 WL 1330744, at *9 (S.D.N.Y. Mar. 20, 2020)); *see also Georgiou v. Harmon Stores, Inc.*, No. 22-cv-02861 (BMC), 2023 WL 112805, 2022 U.S. Dist. LEXIS 234643, at *3–4 (E.D.N.Y. Dec. 29, 2022) ("'Money later is not the same as money now.' The 'delay in receiving wages stripped plaintiff of the opportunity to use funds to which she was legally entitled' resulting in an 'injury sufficiently analogous to harms traditionally recognized at common law.'… Not having money you're supposed to have means that the time value of money has decreased. That is sufficient to establish an actual and concrete injury. Plaintiff was forced to forego 'the opportunity to invest or otherwise use the money to which she was legally entitled.'") (quoting *Stephens v. U.S. Airways Grp., Inc.*, 644 F.3d 437, 422 (D.C. Cir. 2011) (Kavanaugh, J., concurring); *Levy v. Endeavor Air Inc.*, No. 21-cv-04387, 2022 U.S. Dist. LEXIS 201798, 2022 WL 166455829, at *4 (E.D.N.Y. Nov. 1, 2022); *Caul v. Petco Animal Supplies, Inc.*, No. 20-cv-03534, 2021 U.S. Dist. LEXIS 184652, 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021); *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424 (S.D.N.Y. 2019); *Rosario v. Icon Burger Acquisition LLC*, No. 21-cv-04313, 2022 U.S. Dist. LEXIS 11454, 2022 WL 198503, at *3 (E.D.N.Y. Jan. 21, 2022)).

In the second place, *TransUnion* only addressed Article III standing of parties to sue in federal court. But as Defendants were fond of arguing to the arbitrator, *see* Dkt. No. 42-1, at *7,

the parties were in arbitration and not litigating in federal court. The question is therefore not whether Plaintiff had standing to sue, but whether the arbitrator had the power to adjudicate her claims. Here, the arbitrator unquestionably did. The NYLL creates a private right of action to redress nonfurnishing of wage notices and wages statements. *See* N.Y. Lab. L. §§ 198.1-b, 198.1-d. And the parties' arbitration agreement provided that ("[a]ny dispute or claim that… arises out of or that is based upon the employment relationship (including… any claim based upon any statute, regulation, or law…)… shall be resolved by arbitration in accordance with the then effective arbitration rules of the [AAA]…." Dkt. No. 19-3.

For all the reasons set forth above, the Court should decline to vacate any portion of the damages award.

### III.   PLAINTIFF'S FEE AWARD SHOULD NOT BE REDUCED

"Both the FLSA and the NYLL are fee-shifting statutes entitling prevailing plaintiffs to recover attorneys' fees." *Cabrera v. Schafer*, No. 12-cv-06323 (ADS) (AKT), 2017 U.S. Dist. LEXIS 24606, at *10–11 (E.D.N.Y. Feb. 17, 2017), *report and recommendation adopted by* 2017 U.S. Dist. LEXIS 45685, 2017 WL 1162183 (E.D.N.Y. Mar. 27, 2017) (citations omitted). "In the present case, having prevailed at trial on [her] NYLL [overtime] claim [and wage notice and wage statement claims], Plaintiff is entitled to an award of attorney's fees and costs pursuant to the NYLL § 198." *Id.* (citing N.Y. Lab. L. §§ 198, 198.1-a, 663.1; *Yong v. Cooper Cameron Corp.*, 586 F.3d 201, 208 (2d Cir. 2009); *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008); *Zhang v. Red Mountain Noodle House Inc.*, No. 15-cv-00628, 2016 U.S. Dist. LEXIS 87650, 2016 WL 4124304, at *6 (E.D.N.Y. June 5, 2016), *report and recommendation adopted by* 2016 U.S. Dist. LEXIS 101117, 2016 WL 4099090 (E.D.N.Y. Aug. 2, 2016); *Andrade v. 168 First Ave Rest. Ltd.*, No. 14-cv-08268, 2016 U.S. Dist. LEXIS 72678, 2016 WL 3141567,

at *11 (S.D.N.Y. June 3, 2016), *report and recommendation adopted by*, 2016 U.S. Dist. LEXIS 95156, 2016 WL 398101 (S.D.N.Y. July 19, 2016)).

"Courts customarily award fee applicants a lodestar fee, which is a function of 'the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively.'" *Morales v. MW Bronx*, No. 15-cv-06296 (TPG), 2017 WL 4444663, 2017 U.S. Dist. LEXIS 165555, at *3–4 (S.D.N.Y. Oct. 5, 2017) (quoting *Diaz v. AJE Mgmt. Corp.*, No. 15-cv-01602 (AT) (JCF), 2017 U.S. Dist. LEXIS 4324, 2017 WL 746439, at *6 (S.D.N.Y. Jan. 10, 2017)). "The lodestar calculation yields a presumptively reasonable fee, and 'the presumption is a strong one.'" *Id.* (quoting *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 513 (S.D.N.Y. 2011)).

"[A]lthough the fee must be reasonable, it need not be proportional to the recovery since 'the purpose of the FLSA fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances. Courts should not place an undue emphasis on the amount of the plaintiff's recover because an award of attorney fees… encourage[s] the vindication of congressionally identified policies and rights.'" *Cabrera*, 2017 U.S. Dist. LEXIS 24606, at *12 (quoting *Grochowski v. Ajet Constr. Corp.*, 97-cv-06269, 2002 U.S. Dist. LEXIS 5031, 2002 WL 465272, at *2 (S.D.N.Y. Mar. 27, 2002)) (also citing *Baird v. Boies, Schiller & Flexner LLP*, 219 F. Supp. 2d 510, 519–20, n.7 (S.D.N.Y. 2002) ("[A] limited monetary recovery does not preclude a substantial attorneys' fees award, for there is no requirement of proportionality); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011) ("While the requested attorneys' fees exceed plaintiffs' own recovery in the case, that is of no matter. In FLSA cases, like other discrimination or civil rights cases, the attorneys' fees need not be proportional to the damages plaintiffs recover, because the award of attorneys'

6

fees in such cases encourages the vindication of Congressionally identified policies and rights.”));
*see also Morales*, 2017 U.S. Dist. LEXIS 165555, at *4–5 (same); *Aponte v. 5th Ave. Kings Fruit & Vegetables Corp.*, No. 20-cv-05625 (RLM), 2022 WL 17718551, 2022 U.S. Dist. LEXIS 226296, at *27, n.15 (E.D.N.Y. Dec. 15, 2022) (same, citing *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 603 (2d Cir. 2020), *Cabrera*, 2017 U.S. Dist. LEXIS 24606).

Here, the Arbitrator correctly held that Plaintiff was the prevailing party, and applied the lodestar method, awarding Plaintiff $11,250.00 for fifty hours of attorney time spent in arbitration at a rate of $225.00 per hour. *See* Dkt. No. 42-1, at *9. Not only is a reduction in Plaintiff's award of damages unwarranted for the reasons stated in the previous section, but even if a reduction to the Plaintiff's award of damages was applied, that would not by itself warrant a reduction in Plaintiff's award of attorney fees.

## **<u>CONCLUSION</u>**

For all the reasons set forth above, the Court should confirm, and decline to vacate any portion of, the arbitrator's award in this matter.

Plaintiff further respectfully requests that the Court award her reasonable attorneys' fees and costs in the event that Defendants opposes this motion. *See*, *e.g.*, *Int'l. Chem. Workers Local 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (in the context of a petition to confirm an arbitration award, fees may be awarded pursuant to a court's inherent equitable authority "when a challenger refuses to abide by an arbitrator's decision without justification."); *see also Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) a "district court has the authority to award attorney's fees to the prevailing party when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (internal quotation marks and citation omitted).

Dated: Flushing, NY
        January 23, 2023

TROY LAW, PLLC
*Attorneys for Plaintiff*

 */s/ Aaron B. Schweitzer*
Aaron B. Schweitzer, Esq.
John Troy, Esq.
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com