UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KYONG HO AHN,<br><br>      Plaintiff,<br><br>– against –<br><br>MB RYE METRO NAIL, INC.<br>  d/b/a Rye Metro Nails, and<br>SUN YOUNG KIM<br>  a/k/a CINDY KIM,<br><br>      Defendants. | Civil Action No. 20-cv-09198-KMK |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF
THEIR CROSS-MOTION TO MODIFY THE AWARD**

                   BLACKSTONE LAW GROUP LLP
                   1201 Broadway
                   Suite 904A
                   New York, New York 10001
                   (212) 779-3070

                   *Attorneys for Defendants*
                   *MB Rye Metro Nail, Inc. and*
                   *Sun Young Kim*

February 1, 2023

Defendants, through their counsel, Blackstone Law Group LLP, submit this reply brief in further support of Defendants' cross-motion to modify Arbitrator Peck's arbitration award.

## PRELIMINARY STATEMENT

Plaintiff's opposition brief is notable not so much for what it disputes, as for what it does not dispute.  Plaintiff does not dispute any of the factual statements regarding their abuse of the litigation and arbitration process. Plaintiff does not dispute that the law in this federal court regarding standing to assert statutory notice violations under the NYLL has changed.  Plaintiff does not dispute that Arbitrator Peck told the parties that he would decide the notice violation issue consistent with the law in this federal district.  Plaintiff does not dispute that the Arbitrator found no evidence that Ms. Ahn ever asserted or put on proof that Defendant's statutory violations caused her injury-in-fact. Plaintiff does not dispute that the only damage she suffered in her three years of employment at Defendants' nail salon was $1,921.25 in unpaid overtime.  And Plaintiff no longer disputes that Defendants' appeal was timely filed.

Plaintiff's opposition rests entirely on the premise that the burden is so high to vacate or modify an arbitral award that no party can meet it. Plaintiff would have this Court believe that the standard of scrutiny to be applied is strict is theory, but fatal in fact.  This cannot be the law.

Here, Defendants argued that Plaintiff's statutory claims under the NYLL for various notice violations was outside the bounds of the arbitration because such claims were no longer recoverable in the federal courts.  The Arbitrator stated that he wanted to decide the issue consistent with the federal practice and specifically asked Plaintiff to submit a sur-reply on the issue.  The Arbitrator misapplied the law.  Defendants simply ask that this Court reverse that result or advise the Arbitrator on the status of the law to be applied and ask him to reconsider whether his award should be modified as a result.  Such a ruling would bring justice to this case.

ARGUMENT

A.     **Plaintiff Does Not Dispute Defendants' Request for a Remand**

Defendants do not dispute that the burden on this motion to vacate or reverse an arbitral award is very high. The precedent on that issue is well-known and undisputed by the parties. However, we believe that, given the Arbitrator's stipulation to rule on the notice violations consistent with the federal law in this district, provides the opportunity for this Court to correct a "clear legal error."  To be sure, Plaintiff does not on this motion dispute that the applicable law has changed.  This is a reversal of the position they took in their sur-reply in the post-arbitration briefing, where they insisted that the cases cited by Defendants was aberrational and not in keeping with the great weight of the law, which the Arbitrator wrongly accepted.

More importantly, however, Plaintiff did not respond to Defendants' request that this Court simply opine on the correct state of the law to be applied and send the matter back to Arbitrator Peck to reconsider whether he would revise his award in any way.  There is precedent for Courts doing just such a thing. *See Clarendon Nat. Ins. Co. v. Tig Reinsurance Co.*, 990 F. Supp. 304, 311 (S.D.N.Y. 1998) (remanding back to arbitrators due to failure to follow the agreement regarding classification of damages); *see also, Collins & Aikman Floor Coverings Corp.,* 736 F. Supp. at 484.  As we stated in our opening brief, in *Collins,* the court found that the arbitrator had exceeded her authority as established in the arbitration provision in the contract between the parties. The provision limited any arbitral award of commissions to those arising from sales prior to termination of the defendant. The arbitrator awarded an amount which could only have been reached by including commissions from sales which occurred after the defendant's termination.  This leaves the final decision for the Arbitrator, not the Court, to decide and is consistent with the judicial rule giving great deference to arbitral awards.

### B. Plaintiff Never Argued Injury-in Fact at the Arbitration

Plaintiff argues that, even if the new precedent regarding standing to assert notice violations under the NYLL were applied, the record shows that Plaintiff made such a showing at the arbitration.  This simply is not true.  Plaintiff never asserted, argued, or presented evidence of any direct link between Defendants notice violations and her non-payment of $1,921.25 in overtime wages during her three years of employment.  Indeed, Plaintiff took the position at the arbitration that such evidence was unnecessary because the law had not changed, and the cases cited by Defendants were aberrational.  It is only in opposition to Defendants' motion do they for the first time assert and argue that such evidence existed.  All this Court needs to do is read the Arbitrator's reasoned award – which Plaintiff insisted on requiring – to see that Arbitrator Peck makes no mention of any such claim or evidence in his decision.

The Arbitrator specifically requested sur-reply briefing from the Plaintiff to address whether the cases cited by Defendants were "outlier decisions or the current majority rule." Plaintiff argued only that the decisions were outliers and should not be followed.  They never argued, in the alternative, that they met the new standing requirement even if the Arbitrator followed the new precedents.  That was Plaintiff's error, and they cannot argue here for the first time that the standing requirement had been met.  In any event, if this Court should remand the matter back to Arbitrator Peck to reconsider, he will have the opportunity to search the record (in vain) for Plaintiff's claimed evidence.

### C. The Award of Legal Fees Should Be Reduced

If the Court rules that a remand is appropriate with instructions on the proper state of the law regarding the Article III standing issue, Defendants request that the issue of legal fees also be remanded for reconsideration in the light of what likely will be a drastic reduction in the

amount of damages that will be awarded Plaintiff in this matter. Defendants simply ask that the Arbitrator be given another chance to determine what an equitable fee award, if any, should be.

## CONCLUSION

Defendants respectfully request that the Court vacate or modify the Arbitral Award to eliminate the $10,000 in statutory fines assessed and to reduce the legal fees awarded to $3,200 or, alternatively, remand the matter back to Arbitrator Peck to reconsider the statutory fines and legal fees in the light of the correct legal precent to apply.

Dated: New York, New York
February 1, 2023

**BLACKSTONE LAW GROUP LLP**

_____
John D. Lovi (john@blackstone-law.com)
1201 Broadway, 9th Floor
New York, New York 10001
Telephone/ Facsimile: (212) 779-3070

*Attorneys for Defendants*
*MB Rye Metro Nail, Inc. and*
*Sun Young Kim*